**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 8 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREG STEVEN ELOFSON,

Plaintiff-Appellant,

v.

STEPHANIE BIVENS; et al.,

Defendants-Appellees.

No.    17-16538

D.C. No. 5:15-cv-05761-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted August 6, 2019[**]

Before:  GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Greg Steven Elofson appeals pro se the district court's judgment dismissing

Elofson's action alleging that defendants violated his constitutional rights under 42

U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act ("RICO"),

18 U.S.C. § 1961 et seq., and other federal and state laws in connection with the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

guardianship and conservatorship of his father and a related state-court action. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's dismissal de novo. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (personal jurisdiction); *Porter v. Osborn*, 546 F.3d 1131, 1136 (9th Cir. 2008) (qualified immunity). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly rejected Elofson's argument that RICO confers personal jurisdiction over Dougherty-Elofson, Bivens, Theut, and McCollum because Elofson failed to allege facts showing "that there is no other district in which a court will have personal jurisdiction over all of the alleged coconspirators." *Butcher's Union Local No. 498, United Food & Comm. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 538-39 (9th Cir. 1986); *see* 18 U.S.C. § 1965(b).

Dismissal of the claims against Scaringelli was proper because Elofson failed to show any basis for the court to extend personal jurisdiction over him. *See Ranza*, 793 F.3d at 1068 (personal jurisdiction comports with due process only if the defendant has "minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" (citation and internal quotation marks omitted)); *Butcher's Union Local No. 498*, 788 F.2d at 538-39.

The district court properly determined that Mudd was entitled to qualified

2

immunity because Elofson failed to allege facts showing that Mudd violated his clearly established constitutional rights. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (government officials are entitled to qualified immunity where there is no violation of plaintiff's constitutional right or the right at issue was not "clearly established" at the time of the alleged violation); *see also Porter*, 546 F.3d at 1137 ("[O]nly official conduct that 'shocks the conscience' is cognizable as a due process violation." (citation omitted)).

In concluding that Elofson lacked standing to bring claims against Mudd on his father's behalf, the district court did not err in taking judicial notice of orders filed by the Arizona probate court. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment."). The record does not support Elofson's contention that the district court improperly relied on Mudd's declaration in dismissing the claims.

We reject Elofson's contention that dismissal of the claims against Mudd violated Elofson's Seventh Amendment jury right.

The district court did not abuse its discretion in dismissing without leave to amend because Elofson could not cure the deficiencies in his complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

3

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Scaringelli's pending request for judicial notice of the Arizona probate court docket (Docket Entry No. 49) is GRANTED.

**AFFIRMED.**